*OFFICE OF THE CHAPTER 13 STANDING TRUSTEE*
**Andrew B. Finberg, Chapter 13 Standing Trustee**
**Cherry Tree Corporate Center**
**535 Route 38, Suite 580**
**Cherry Hill, NJ 08002**
**(856) 663-5002**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Camden)**

| | |
|---|---|
| **IN RE:**<br><br>**ELINOR LOEWENSTERN**<br><br>Debtor(s). | Proceedings in Chapter 13<br><br>Case No. 25-16647 (JNP)<br><br>*CERTIFICATION IN SUPPORT OF ORDER DISMISSING CASE* |

I, Andrew B. Finberg, Chapter 13 Standing Trustee, am authorized to make this certification.

1. I Andrew B. Finberg, Chapter 13 Standing Trustee for Region 3 pursuant to an order entered by the Office of the United States Trustee, United States Department of Justice.

2. I am personally familiar with the matters set forth herein and I am qualified to testify about them.

3. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 105.

4. Debtor filed a Chapter 13 Petition on June 23, 2025, with the assistance of Andrew M. Carroll, Esquire.

5. Debtor filed a Modified Chapter 13 Plan on January 15, 2026, proposing payment

of $500 for fifty-three (53) months to pay administrative fees of $4,063, taxes to the Internal Revenue Service of $8,289.48; Crosscountry Mortgage of $27,470.71; HOA for $4,2701; Egg Harbor Township for $443.20; Mariner Finance for $18,353.62; Capital One Auto Finance for $12,372.15; and a pro rata dividend to unsecured creditors who timely filed a proof of claim. The plan also proposes sale of property by June 15, 2026.

6. Debtor appeared at the Section 341(a) Meeting on August 14, 2025.

7. At the third listing for confirmation held on December 3, 2025, the Trustee recommends peremptory adjournment to January 21, 2026.

8. On December 4, 2025, a Final Adjournment Order was entered by the Court. The Order required the Debtor to submit business documents to the Trustee; file a Modified Plan, amend Schedules, and service of plan upon vehicle interest cramdown; and CMA with conclusionss.

9. Pursuant to the December 4, 2025, Order, if the Debtor failed to comply with the terms of the Order or failed to file an opposition with the Court seven (7) days prior to the Final Adjournment Date, the Trustee may file a Certification of Non-Compliance dismissing the case.

10. Debtor failed to file an opposition to the Final Adjournment Order. Debtor has only filed a Modified Plan and submitted the CMA to the Trustee but did not completed any of the items listed on the Final Adjournment Order.

11. Contemporaneously with the filing of this Certification, the Trustee is electronically submitting a proposed Order Dismissing Case for the Court's consideration.

I certify that the foregoing statements made by me are true.   I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated: January 20, 2026                             By:   /s/ Andrew B. Finberg
                                                                    Andrew B. Finberg,
                                                                    Chapter 13 Standing Trustee